E. D. LEONARD, Appellant, v. CITY OF DES MOINES, Appellee.

**MUNICIPAL CORPORATIONS:** Defects in Streets—Contributory Negligence Per Se. A pedestrian who, after alighting from a street car in an amply lighted street, walks into an excavation which is guarded by a red light, is guilty of contributory negligence *per se.*

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

FEBRUARY 9, 1921.

ACTION at law to recover damages for personal injury. There was a directed verdict for the defendant, and judgment against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*S. F. Prouty,* for appellant.

*Chas. W. Lyon, E. J. Frisk, Chauncey A. Weaver,* and *Russell Jordan,* for appellee.

PER CURIAM.—The petition alleges that the city had made or permitted an excavation in Twentieth Street of Des Moines, near its intersection with Franklin Avenue and in the immediate vicinity of the place where the street railway company, occupying said street with its tracks, was accustomed to stop its cars to receive and discharge passengers; that the excavation was about 32 inches square and 3 or 4 feet deep, and that the city negligently permitted it to remain without any proper guard or protection for two days or more, when plaintiff arrived at this point on a street car, near midnight. The car having stopped, plaintiff left it by the proper exit, and, in making his way to the sidewalk or curb, fell into the excavation, and thus sustained the injury of which he complains. He charges that this accident was the result of defendant's negligence in permitting the excavation to be made and remain without proper guard or warning of the danger so created. It is conceded that, when the parties engaged in digging the hole quit their work for the day, they left a lighted red lamp or lantern suspended

from a stick or post standing in the hole, and that such light was burning at the time plaintiff debarked from the street car; but it is his claim that the warning so attempted was insufficient and misleading, because the stick on which it was suspended leaned to the east in such manner as to bring the lantern over the pile of dirt and refuse taken out of the hole, and not over the opening into which he fell. It is claimed for appellant that, as a natural result of such alleged misplacement of the light, he was led to assume that the warning was intended to enable travelers on the street to avoid the pile over which it hung, and that thus, without negligence on his part, he failed to discover the excavation.

On the trial, evidence was offered tending to show the fact of the excavation substantially as alleged by the plaintiff. The jury could have found that the hole in the pavement was immediately east of the end of the ties on the east track; that the pile of dirt and rubbish was east of the hole; and that the lantern hung a little above the pile, and a foot or foot and a half east of the hole. In addition to the light of the lantern, there was what plaintiff says "was a bright light at the intersection about 20 feet or more away. It is an ordinary light. It lights up a whole half block, where it is not shaded." The night does not appear to have been especially dark. One of appellant's principal witnesses says:

"It is true that you could stand at the corner of Franklin and Twentieth Streets at 11 o'clock at night, and see a two-inch pole in that hole by looking up the street, not from the arc light but from the general light from the whole street."

Plaintiff says that, when he came out of the street car, he did not start away immediately, but stood still long enough for the car to go on its way. He saw the red light a little east and north of the point where he came out of the car. He could have gone directly east, south of the hole and dirt pile to the street curb on that side, but for some reason he started directly north, parallel with the track and west of the lantern, and in so doing, stepped into the hole. That plaintiff received a serious and painful injury is not denied; and, under the record as here presented, the sole question is whether he made a case on which he was entitled to go to the jury. To do this, there must be evidence on

which the jury can properly find that defendant was negligent, as charged, and that, by reason of such negligence, plaintiff suffered injury without contributory negligence on his part. An affirmative conclusion on either branch of this question compels an affirmance of the judgment. After much reflection, we think it must be held, as a matter of law, that plaintiff has not sufficiently established his allegation of due care for his own safety. He left the street car in the nighttime, and, as he left its door, he was immediately confronted by a red lantern, the universally recognized night signal of danger. It was, at most, but a few feet distant, for the distance between the street car and the street curb was not to exceed 10 feet, and no witness locates the lantern more than half way between those points; and, while the lantern did not hang immediately over the hole in the pavement, it did hang from a post standing in the hole. The post, not standing erect, caused the light to hang to one side of the opening, and to appear to be suspended over or near the dirt pile; but the distance between the opening into which plaintiff fell and the spot directly below the lantern could not have exceeded a single short step, and it is indeed quite inexplicable how the unfortunate man could have failed to discover and avoid the danger, had he given even very slight attention to the warning signal. His unexplained failure in this respect is quite conclusive evidence of negligence contributing to his injury, and is an insurmountable obstacle to a recovery of damages.

This conclusion makes it unnecessary to discuss other propositions which have had the attention of counsel in argument. The judgment of the district court is, therefore,—*Affirmed.*